IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**CITY OF HOLLY SPRINGS, MISSISSIPPI,**

    **PLAINTIFF**

vs.

**CIVIL ACTION NO.**

**3:25-CV-320-MPM-RP**

**MISSISSIPPI PUBLIC SERVICE COMMISSION, CHRIS BROWN, in his official capacity as Chairman of MPSC; DE'KEITHER STAMPS, in his official Capacity as Commissioner of MPSC, and WAYNE CARR, in his official capacity as Commissioner of MPSC,**

    **DEFENDANTS**

---

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

---

COMES NOW, the Plaintiff, City of Holly Springs, ("the City") by and through undersigned Counsel, filing this Complaint for declaratory and injunctive relief from past and pending actions by the Mississippi Public Service Commission ("the Commission") that are contrary and preempted by federal law. In support thereof, Plaintiff would show this Honorable Court the following, to-wit:

    **I.**    **INTRODUCTION**

On November 4, 2024, MPSC, acting under newly enacted legislation, issued a Sua Sponte Complaint against the City for alleged violations of Mississippi Code Annotated section 77-3-33. MPSC authorized an investigation, served the City with a Complaint, and issued a Final Order imposing penalties and other recommendations. As explained below, all of MPSC's actions against the City are contrary to and preempted by federal law. Thus, MPSC's authority and actions over the City should be declared unlawful and the enforcement of their imposed

penalties and recommendations should be enjoined.

## II.     JURISDICTION AND VENUE

1. This action arises under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331, 1343, and 2201. The venue lies in this District under 28 U.S.C. § 1391(b)(2) because the events giving rise to this claim occurred in Holly Springs and Jackson, Mississippi.

## III.     PARTIES

2. Plaintiff City is a municipality, duly incorporated under the laws of the State of Mississippi, within the jurisdiction of the United States District Court for the Northern District of Mississippi, and, as such, is a political subdivision of the State of Mississippi. Among its many functions, the City operates and maintains a utility department that provides, among other services, electricity to residents in Marshall County, MS, and to some citizens in neighboring counties.

3. Defendant, Mississippi Public Service Commission ("the Commission"), is a state agency of the State of Mississippi. Service may be obtained by serving a copy of the complaint of the Mississippi Attorney General, Lynn Fitch at 550 High Street, Jackson, Mississippi.

4. Defendant, Chris Brown, is sued in his official capacity as Chairman of the Commission. At all times relevant to this action, Defendant was acting in his official capacity as Chairman of the Commission. Defendant is sued in his official capacity for prospective injunctive and declaratory relief only, pursuant to Ex parte Young, 209 U.S. 123 (1908).

5. Defendant, De'Keither Stamps, is sued in his official capacity. At all times relevant to this action, Defendant was acting in his official capacity as a Commissioner for the Commission. Defendant is sued in his official capacity for prospective injunctive and declaratory relief only, pursuant to Ex parte Young, 209 U.S. 123 (1908).

6. Defendant, Wayne Carr, is sued in his official capacity. At all times relevant to this action, Defendant was acting in his official capacity as a Commissioner for the Commission. Defendant is sued in his official capacity for prospective injunctive and declaratory relief only, pursuant to Ex parte Young, 209 U.S. 123 (1908).

## IV. FACTUAL BACKGROUND

7. As part of its governmental functions and responsibilities, Petitioner provides utility services, including but not limited to, electricity services at the Holly Springs Utility Department. Petitioner has contract with the Tennessee Valley Authority ("TVA") in which it purchases wholesale power exclusively from TVA. Said contract contains several obligations and regulatory rights granted to both Petitioner and TVA.

8. On November 4, 2024, MPSC, acting under newly enacted legislation, issued a Sua Sponte Complaint against the City for alleged violations of Mississippi Code Annotated section 77-3-33.

9. On September 22, 2025, in Docket No. 2024-AD-37, the MPSC issued an order purporting to impose a fine of $12,500 against the City of Holly Springs Utility Department and threatened receivership. The Commission acted without first

3

providing the City adequate time for new counsel to review or a meaningful opportunity to cure alleged deficiencies, contrary to statutory requirements under Miss. Code Ann. §§ 77-3-21, 77-3-33, and 77-3-83, as well as the Fourteenth Amendment's Due Process Clause.

10. As of the filing of this complaint, Defendants have not sought nor obtained a valid order from a court having jurisdiction allowing the Defendants to assert authority over the Plaintiff and the Holly Springs Utility Department in the place of TVA.

11. The City has been forced into defending itself against an order that is not only unlawful, but dangerous to the stability of municipal self-governance, exceeding the Commission's lawful powers and intruding on the City's prerogatives as a duly chartered municipal utility under an exclusive contract with TVA.

12. Defendants have willfully ignored the authority TVA possesses as a federal agency of the United States and has willfully ignored that federal law governs the contract between the Plaintiff and TVA, including TVA's regulatory authority of the Plaintiff for its facilities, operations, rates, and services.

## V. CAUSES OF ACTION

### Count I – Federal Preemption (Supremacy Clause)

13. The Laws of the United States made under the Authority of the United States is the supreme Law of the Land.

14. TVA is a corporation created by Act of Congress, and thus "plainly a governmental agency of the United States," Posey v. Tennessee Valley Authority, 93 F.2d 726 (5th Cir. 1937).

4

15. Plaintiff has a contractual obligation with TVA in which it purchases wholesale electricity from TVA. As part of the contract, TVA, as a governmental agency of the United States, has certain regulatory authority as provided under federal law over the Holly Springs Utility Department, which is operated by the Plaintiff.

16. The MPSC's actions unlawfully intrude upon the City's contractual relationship with the Tennessee Valley Authority ("TVA"), a federal entity. Such interference is preempted under the Supremacy Clause of the United States Constitution.

**Count II – Deprivation of Procedural Due Process (Fourteenth Amendment; 42 U.S.C. § 1983)**

17. The City possesses a constitutionally protected property interest in its municipal utility operations and revenues. The MPSC deprived the City of that interest without providing an opportunity to cure alleged negligence, in violation of Mathews v. Eldridge, 424 U.S. 319 (1976), and Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532 (1985).

18. The Plaintiff experienced a transition in municipal leadership, including the election of a new mayor and substitution of new counsel, shortly before the scheduled hearing. As a result, the Plaintiff was unable to conduct a full review of the case file, identify relevant evidence, or prepare a complete presentation of its position. Proceeding under such circumstances deprived the Plaintiff of a meaningful opportunity to be heard, in violation of fundamental due process principles.

**Count III – Ex parte Young Claim for Prospective Relief**

19. Plaintiff seeks prospective declaratory and injunctive relief against enforcement of the $12,500 fine and receivership, which constitute ongoing violations of

federal law because Defendants continue to act without lawful authority and in violation of Plaintiff's constitutional rights.

**Count IV – Arbitrary and Capricious / Ultra Vires Action (State-Law Supplemental Claim)**

20. The Commission's order, rendered without adherence to the procedural and substantive limitations set forth in Miss. Code Ann. §§ 77-3-21 and 77-3-33, exceeds the scope of its statutory authority and constitutes arbitrary and capricious administrative action. As these state-law violations are part of the same case or controversy as the Plaintiff's federal constitutional claims, supplemental jurisdiction is proper under 28 U.S.C. § 1367.

### VI.   ANTICIPATED DEFENSES AND RESPONSES

#### A. *Sovereign Immunity Does Not Bar This Action*

21. Plaintiff seeks only prospective declaratory and injunctive relief to restrain continuing violations of federal law by state officials acting under color of state authority. Plaintiff expressly disclaims any claim for money damages or other retrospective relief.

22. Pursuant to the doctrine established in Ex parte Young, 209 U.S. 123 (1908), sovereign immunity poses no bar to this suit because the challenged actions concern unconstitutional and ultra vires conduct by state officials, not the validity of Mississippi statutes or any demand upon the State's treasury. The relief sought operates solely to compel compliance with federal law. The MPSC and its Commissioners are acting *ultra vires*--beyond their lawful authority--and therefore are not shielded by Eleventh Amendment immunity.

#### B. *Younger Abstention Does Not Apply*

23. The administrative enforcement proceeding initiated by the Commission is purely regulatory and remedial in character, not quasi-criminal. As such, it does not fall within any of the limited categories in which *Younger* abstention remains appropriate, as defined by Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69 (2013).

24. The matter does not implicate the State's sovereign interest in enforcing its criminal laws, constitute a civil enforcement action closely resembling a criminal prosecution, or involve a proceeding that is uniquely judicial in nature. Federal review of the Plaintiff's constitutional claims therefore presents no interference with legitimate state judicial functions.

25. Moreover, no adequate opportunity exists in the MPSC's forum to raise constitutional claims, as the Commission lacks authority to adjudicate federal constitutional rights or to grant the requested relief.

26. Federal jurisdiction is therefore proper and necessary to prevent ongoing constitutional violations.

### C. Exhaustion of State Remedies is Not Required

27. Section 1983 expressly provides a federal forum for constitutional claims without the requirement of exhausting state administrative remedies. Patsy v. Bd. of Regents, 457 U.S. 496 (1982).

28. The MPSC lacks authority to grant constitutional relief or to enjoin its own unconstitutional conduct; therefore, exhaustion would be futile.

29. The Plaintiff's claims are ripe for adjudication because the Commission's conduct constitutes an ongoing deprivation of rights that will continue absent judicial intervention.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare the actions of the Commission, and law the Commission relies on preempted by federal law.

B. Declare that Defendants violated the City's Fourteenth Amendment's Due Process rights;

C. Enjoin enforcement of the $12,500 fine and receivership order;

D. Declare the MPSC's actions ultra vires and unconstitutional;

E. Award attorney's fees under 42 U.S.C. § 1988; and

F. Grant such other relief as the Court deems just and proper.

                    Respectfully submitted,

                    CITY OF HOLLY SPRINGS, MISSISSIPPI

                    _____
                    John Keith Perry, Jr., (MSB#99909)
                    Garret T. Estes, (105517)
                    **PERRYGRIFFIN, P.C.**
                    5699 Getwell Road, Building G, Suite 5
                    Southaven, MS 38672
                    Tele: (662) 536-6868
                    Email: JKP@PerryGriffin.com
                    Email: GE@PerrryGriffin.com